

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00229-CR

_____


SHAWN PATRICK WILSON, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 4th District Court
Rusk County, Texas
Trial Court No. CR-12204


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

At about 10:00 p.m., on April 28, 2012, Trooper James Ammons saw a silver BMW that appeared to be speeding on Farm to Market Road 3053 in Rusk County, Texas. Using his radar, Ammons verified that the BMW was traveling at seventy miles per hour in a sixty-mile-per-hour zone and stopped the BMW. When Ammons spoke with the driver, Shawn Patrick Wilson, Ammons smelled marihuana. Ammons asked Wilson when the last time someone had smoked marihuana in the car was, and Wilson told him that a buddy of his had smoked a lot of it in the car earlier that day. Wilson denied that there was any contraband in the car. Based on the smell and Wilson's statements, Ammons searched the car.[1] During Ammons' search, Wilson called a friend on his cell phone, and when Ammons told him to hang up the phone, Wilson said that his buddy told him that there were two pounds of marihuana in the vehicle's trunk. Ammons arrested Wilson, read him his *Miranda*[2] rights, and placed him in the patrol car. Ammons searched the trunk and discovered the marihuana, and Wilson was charged with possession of marihuana, more than four ounces, less than five pounds, a state jail felony.

Using a generic, broad form motion to suppress, Wilson sought to exclude the marihuana found during the search. The motion did not mention the length of the detention as a complaint. After a hearing, the trial court denied the motion to suppress. At no time during the hearing did Wilson mention the length of the detention. Wilson subsequently pled guilty, and the trial court sentenced him to six month's confinement in a state jail facility.

---

[1]Wilson did not consent to the search.

[2]*Miranda v. Arizona*, 384 U.S. 436 (1966).

On appeal, Wilson argues that the trial court erred in denying his motion to suppress because the search was conducted during an unreasonably long traffic stop.

We affirm the trial court's judgment because Wilson's point of error was not preserved for our review.

In his sole point of error, Wilson argues that the trial court erred in denying his motion to suppress because the search "was conducted during an unreasonably prolonged traffic stop."

During the suppression hearing, Wilson argued that,

> in order for the State to have probable cause to arrest Mr. Wilson for this offense, they have to establish to this Court that Mr. Wilson had actual care, custody, control, or management over the control -- over the marijuana in this case. Being merely present in an area where contraband is found doesn't make a person guilty and doesn't establish probable cause to arrest them for possession. And we have a suitcase in this case that has nothing that connects Mr. Wilson to that bag, other than being in the trunk of the car. And we would respectfully request that the Court grant our Motion to Suppress.

Wilson admitted that one of the two bags in the trunk was his, but there was no contraband inside that bag. He argued that, even though the contraband was found in the trunk of his car, it was found inside a bag or suitcase that Wilson said belonged to "O'Dog," a friend of his, and nothing else in that bag connected it to Wilson.

It is well established that an issue raised on appeal must be the same issue raised by motion or objection asserted at trial. TEX. R. APP. P. 33.1(a); *Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999) (nothing preserved for review if issue on appeal does not comport with objection at trial). Here, Wilson failed to preserve his complaint that the stop was unreasonably long since he did not raise that argument with the trial court. The suppression hearing explored whether the initial speeding was established by the officer, whether Wilson had marihuana on his

3

person, and whether he had sufficient links to the marihuana found in the trunk, not the length of the detention before the marihuana was reported or discovered and Wilson was arrested. Therefore, we will not address the issue on appeal.[3]

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     May 20, 2014
Date Decided:       June 5, 2014

Do Not Publish

---

[3]Even if the length of the detention had been made an issue in either the motion to suppress or the suppression hearing, the issue would fail. The video recording of the stop demonstrated that, from the traffic stop to the discovery of the marihuana, the elapsed time was approximately eight minutes and twenty seconds, and that time was filled in rather rapid succession with the officer smelling marihuana emanating from the vehicle, the comment from Wilson that someone had smoked marihuana earlier that day in his car, the officer's partial search of the vehicle, Wilson's telephone call, Wilson's comment to the officer that there were two pounds of marihuana reportedly in one of the bags in the trunk of the vehicle, Wilson being placed under arrest and in handcuffs, the opening of the trunk, and the discovery of the marihuana. There was demonstrably no undue delay and, consequently, no error in overruling the motion to suppress.